IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DON NELL HAWKINS,**

        **Petitioner,**

v.                                         **CIVIL ACTION NO. 1:11cv170**
                                          **(Judge Keeley)**

**KUM J. DEBOO,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 20, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 together with a Motion for Leave to Proceed *in forma pauperis* with supporting documents. On October 21, 2011, the petitioner was granted leave to proceed *in forma pauperis*. The petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his sentence. On November 29, 2011, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Therefore, the respondent was ordered to show cause why the writ should not be granted. On January 19, 2012, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On January 23, 2012, a <u>Roseboro</u> Notice was issued, and on February 3, 2012, the petitioner filed a reply, which he was permitted to amend twice.

### II. FACTS

On July 21, 2006, the petitioner was arrested by the Canton, Ohio Police Department on drug-related offenses. (Doc. 20-2, p1). At the time of his arrest, the petitioner was under state parole

1

supervision for a 1997 conviction in Summitt County, Ohio Court of Common Pleas for drug trafficking and escape. In addition, he was under federal supervision for a bank robbery conviction in 2001 in the Northern District of Ohio (Case No. 1:01cr229) (Id.). As a result of his arrest by state authorities, the U.S. Probation Office for the Northern District of Ohio requested the issuance of a warrant, and a warrant for the petitioner's arrest was issued on July 28, 2006. (Doc. 20-7). On September 22, 2006, a criminal complaint was issued against the petitioner in the Northern District of Ohio for knowing and intentional possession with intent to distribute crack cocaine. (Doc. 20-4). On September 26, 2006, the Stark County Grand Jury returned a "No Bill" and on September 27, 2006, the petitioner was ordered released from State custody. (Doc. 20-3).

On October 19, 2006, the petitioner, through counsel, filed a Motion to Dismiss Case No. 1:06mj04048, alleging that the government had failed to file the indictment in accordance with the United States Code Speedy Trial provisions.[1] On October 20, 2006, the petitioner filed a *pro se* Motion to Dismiss in the same Magistrate Judge case number. On October 24, 2006, the government filed a response in which it argued that the 30-day clock (from arrest to indictment) for the purposes of the federal speedy trial statute, is triggered only by the filing of federal charges Complaint, accompanied by a federal arrest warrant. The response continued by noting that the United States District Court for the Northern District of Ohio issued a complaint and an arrest warrant for the petitioner on September 22, 2006. The petitioner was arrested and made a first appearance before

---

[1]Specifically, the motion alleged that "[a]ny information or indictment charging an individual with an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connections with such charges." The motion continued by noting that the petitioner was arrested on July 21, 2006, and the complaint was not filed until September 22, 2006, which was clearly beyond the thirty day limit imposed by 18 U.S.C. §161(b). See 1:06-mj-04046-NAV Doc. #9). Available on PACER.

the Court on September 25, 2006. Accordingly, the Government argued that the 30-day clock was triggered on September 25, 2006.[2]

On October 24, 2006, the petitioner was indicted by a federal grand jury in the Northern District of Ohio on three (3) counts involving possession with intent to distribute and distribution of cocaine base (crack) on or about July 12, 2006 through July 21, 2006, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B). See Case # 5:06cr505 Doc. # 12. On November 27, 2006, the petitioner's counsel filed yet another Motion to Dismiss pursuant to the Speedy Trial Act. The Government responded arguing that when a person is initially arrested on state charges, the federal speedy trial statute is not implicated. Id. Doc. # 21. On December 8, 2006, the petitioner's Motion to Dismiss was denied in a paperless order for the reasons stated in the Government's Brief in Opposition. Id.[3]

On December 18, 2007, the Court granted the petitioner's counsel's motion to withdraw and continued the trial to January 9, 2007, to permit his new counsel an opportunity to prepare. Id. Doc. 34. On January 9, 2007, the district court accepted a conditional plea to Count 3 of the Indictment charging the petitioner with distribution of 50 grams or more of crack cocaine. Pursuant to the conditional plea agreement, the petitioner retained his right to appeal the district court's denial of his motion to suppress evidence as well as his right to appeal or collateral attack on claims of ineffective assistance of counsel or prosecutorial misconduct. However, the petitioner waived his right to appeal his conviction or sentence, including his right to challenge his conviction or sentence collaterally under 28 U.S.C. § 2255. Moreover, he specifically waived any "objections, motions, or

---

[2]See 1:06-mj-04048-NAV (Doc. 11).

[3]This is a paperless order, and therefore, there is no document number assigned to the entry.

defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions on bringing charges." Id. Doc. # 44.

On January 19, 2007, the petitioner, through counsel, filed motion to withdraw his guilty plea for reasons unrelated to the Speedy Trial Act. On February 12, 2007, the Court denied the motion. Id. Docs. # 45, # 47. The petitioner was sentenced on April 26, 2007, to a term of 240 months incarceration and 10 years supervised release. In addition, on May 23, 2007, the petitioner was sentenced to 11 months incarceration for violation of supervised release to be served concurrently. See 1:11cr00229-00-JG, Northern District of Ohio (Doc. # 42).

On January 5, 2009, the petitioner filed a *pro se* Motion under 28 U.S.C. § 2255, raising the following four grounds:

> (1) ineffective assistance of counsel regarding the petitioner's challenge of search warrant;
>
> (2) prosecutorial misconduct regarding representations concerning a police report and Jenks and Brady material related to the suppression hearing, resulting in the petitioner's "guilty plea tainted and invalid;"
>
> (3) ineffective assistance of counsel in failing to thoroughly investigate case to discover exculpatory evidence, resulting in the petitioner's entering an "invalid" guilty plea; and
>
> (4) ineffective assistance of appellate counsel regarding appeal of the petitioner's motion to suppress.

On March 16, 2009, the petitioner filed an amended § 2255, essentially re-asserting the grounds he raised in his original motion. Id. Doc. 67. The petitioner did not raise any Speedy Trial Act issues.

On August 10, 2009, the district court denied the petitioner's § 2255 motion and found no basis to issue a certificate of appealability. Id. Doc. 98. On August 28, 2009, the petitioner filed an

appeal. On May 13, 2010, the 6th Circuit denied all pending motions as to the petitioner and denied a certificate of appealability. Id. Doc. 118. On November 30, 2010, the petitioner filed another petition for wit of certiorari with the U.S. Court, which was denied on February 23, 2011. Id. Docs. 130 and 132).

Thereafter, the petitioner filed a motion for leave to file a second or successive motion to vacate sentence, asserting his recent discovery of the 1994 case of U.S. v. Benitez, 34 F.3d 1489 (9th Cir. 1994) which he argued supported his contention that he was denied his rights under the Speedy Trial Act. The Sixth Circuit denied the petitioner's application on June 23, 2011, concluding that the petitioner did not make the appropriate *prima facie* showing under 28 U.S.C. § 2255(h). (Doc. 20-6).

On October 20, 2011, the petitioner filed his instant petition under 28 U.S.C. § 2241, in which he raises the following claim for relief:

> I am in custody in violation of the Federal Speedy Trial Act statute codified in § 3161(b), which effectuated my Due Process right under the 5th and 14th Amendments of the U.S. Constitution, and I cannot raise this issue in a § 2255.

For relief, the petitioner requests that this court uphold the Speedy Trial Act and dismiss his indictment, vacate his conviction, and order his release from custody.

In his motion to dismiss or, in the alternative, motion for summary judgment, the respondent argues that the petitioner's claims did not merit relief under § 2241.

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."

5

Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be

drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 1986)

## IV. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. <u>In re Vial</u>, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in <u>Jones</u>, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner

8

> was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his sentence and conviction, as a violation of the Speedy Trial Act. Although the petitioner attempts to raise the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 21 U.S.C. § 841(a)(1) remain a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones.

The undersigned recognizes that in his amended petition, the petitioner asserts a claim of actual innocence and contends, therefore, that he may raise his claim in a § 2241 petition. However, an actual innocence claim applies only in noncapital cases in the context of career offender enhancement or other habitual offender Sentencing Guideline provision. See United States v. Milkalajuanas, 186 F.3d 490, 495 (4th Cir. 1999). Accordingly, this exception is inapplicable in this case, and the petitioner's claim of "actual innocence" must, therefore, be considered under a § 2255 motion.[4]

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondents Motion To

---

[4] The undersigned notes that the petitioner filed a Motion to Reopen his Section 2255 Motion in the Northern District of Ohio on March 30, 2011. See 5:06-cr-00505-PAG-1 (doc. 151. That motion was transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive § 2255 motion. Id. Doc. 153. To date, it appears that the Sixth Circuit has made no ruling on that motion.

Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 19) be **GRANTED** and the petitioner's petition and amended petition be **DENIED WITH PREJUDICE**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

DATED: May 1, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE