```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DON NELL HAWKINS,**

    **Petitioner,**

**v.**               //          **CIVIL ACTION NO. 1:11CV170**
                                   **(Judge Keeley)**

**KUMA J. DEBOO,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation concerning the 28 U.S.C. § 2241 petition filed by Don Nell Hawkins. For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

### I.

On October 20, 2011, the pro se petitioner, inmate Don Nell Hawkins ("Hawkins"), filed a petition pursuant to 28 U.S.C. § 2241 (dkt. no. 1) challenging the validity of his conviction based on violations of the Speedy Trial Act and arguing that he cannot assert his claim in a § 2255 petition. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

On January 19, 2012, the respondent, Kuma J. Deboo ("Deboo"), filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. (Dkt. No. 19). Thereafter, the Magistrate Judge

**HAWKINS v. DEBOO**                                               **1:11CV170**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

issued a <u>Roseboro</u> notice to the petitioner, and on February 3, 2012, Hawkins filed a response, which he amended twice.

Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") on May 1, 2012, in which he recommended that Deboo's Motion to Dismiss be granted and the petitioner's § 2241 petition be denied and dismissed with prejudice. (Dkt. No. 31). Magistrate Judge Kaull determined that Hawkins may not challenge his conviction and sentence pursuant to a § 2241 petition, that he had exhausted his opportunities to seek relief under § 2255, and that he could not invoke the "savings clause" in § 2255 because he did not meet the requirements of <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000).

Hawkins filed timely objections to Magistrate Judge Kaull's R&R on May 14, 2012, in which he argues that the Court should decide his claim on the merits, notwithstanding its procedural defects. (Dkt. No. 34). He contends that, if the Court determines he should have pursued his claim under § 2255, it should construe his petition as such, apply equitable tolling to account for its tardiness, and transfer his petition the to the sentencing court. On June 27, 2012, Hawkins filed a Motion To Expedite Decision. (Dkt. No. 35). After conducting a <u>de</u> <u>novo</u> review, the Court concludes that Hawkins's objections are without merit.

2

**HAWKINS v. DEBOO**                                                  **1:11CV170**

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

**II.**

Hawkins alleges that his conviction is invalid because the government violated the Speedy Trial Act, 18 U.S.C. § 3161(b), by failing to file an indictment charging him with an offense within thirty days of his arrest. Ohio authorities arrested Hawkins on state drug charges on July 21, 2006, at which time he was under the supervision of both Ohio parole authorities and the United States Probation Office ("USPO") for the Northern District of Ohio in connection with unrelated charges. As a result of Hawkins's July 21st Ohio arrest, the USPO filed a petition with the district court seeking a federal arrest warrant, which the court issued on July 28, 2006. Thereafter, on September 22, 2006, the district court issued a criminal complaint and arrest warrant charging Hawkins with federal drug charges related to the conduct underlying his July 21st state arrest. He made his initial appearance on the federal charges on September 25, 2006 and was indicted on October 24, 2006. Hawkins contends that his conviction is invalid because he should have been indicted within thirty days of his state arrest on July 21, 2006.

Prior to filing the instant petition, Hawkins challenged his indictment and conviction on numerous occasions under multiple theories. In the district court, he filed several motions to dismiss alleging a violation of 18 U.S.C. § 3161(b), all of which

**HAWKINS v. DEBOO**                                           **1:11CV170**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

were denied. Hawkins ultimately pled guilty to charges under 21 U.S.C. § 841(a)(1) and waived his right to appeal or challenge his conviction or sentence collaterally under § 2255, including an express waiver of his right to assert any "objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions on bringing charges." (Case No. 5:06CR505, Dkt. No. 44). Thereafter, Hawkins moved to withdraw his guilty plea for reasons unrelated to the Speedy Trial Act, but the district court denied his motion and sentenced him to 240 months of incarceration as well as a concurrent eleven-month sentence for his violation of the conditions of supervised release. After sentencing, Hawkins filed a § 2255 petition on January 5, 2009 and an amended petition on March 16, 2009, seeking relief under several theories other than the Speedy Trial Act. The district court denied his petition and his certificate of appealability, the Sixth Circuit affirmed, and the Supreme Court of the United States denied his petition for writ of certiorari. Thereafter, Hawkins filed a motion for leave to file a successive § 2255 petition, this time asserting violations of the Speedy Trial Act, but the Sixth Circuit denied his application on June 23, 2011.

### III.

Hawkins now seeks to challenge his conviction once more, this time via a § 2241 petition. As explained in the R&R, however, a

4

**HAWKINS v. DEBOO**                                                                 **1:11CV170**

### ORDER ADOPTING REPORT AND RECOMMENDATION

§ 2241 petition may not be used to attack the validity of a federal conviction except where the petitioner can satisfy the requirements of the "savings clause" in § 2255, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Here, where the sentencing court has denied Hawkins's successive § 2255 petitions, the petitioner may only proceed under § 2241 if a § 2255 petition is inadequate or ineffective to test the legality of his detention. The Fourth Circuit has held that § 2255 is inadequate or ineffective only where

> (1) at the time of the conviction, settled law of this circuit of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Because a violation of 21 U.S.C. § 841(a)(1) remains a criminal offense, Hawkins cannot satisfy the second element of Jones and, thus, may not apply the savings clause to his petition. See id.

5

**HAWKINS v. DEBOO**                                          **1:11CV170**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Additionally, Hawkins's attempt to convert his § 2241 petition into an equitably tolled § 2255 petition is unfounded. Equitable tolling of the one-year statute of limitations on filing a § 2255 petition is only available to petitioners who, due to an extraordinary circumstance, have failed to file a timely request for habeas relief. <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2562 (2010). Hawkins has already filed a § 2255 petition, an amended petition, a certificate of appealability, and a motion for leave to file a successive petition, all of which the sentencing court and Sixth Circuit denied. Equitable tolling is not intended to afford a petitioner an additional bite of the apple, and, in any event, the circumstances of this case do not warrant it.

### IV.

For the reasons discussed, the Court:

1. **ADOPTS** the R&R in its entirety (dkt. no. 31);

2. **GRANTS** Deboo's Motion to Dismiss (dkt. no. 19);

3. **DENIES** Hawkins's § 2241 petition (dkt. no. 1);

4. **DENIES AS MOOT** Hawkins's Motion to Expedite Decision (dkt. no. 35); and

4. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of

**HAWKINS v. DEBOO**                                                        **1:11CV170**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: July 18, 2012

/s/ Irene M. Keeley  
IRENE M. KEELEY  
UNITED STATES DISTRICT JUDGE
